**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

STANISLAV SEDOV (A# 200 997 356),

   1071 Parkinson Ct
   San Jose, CA 95126

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,

Serve:  Office of the General Counsel
        Department of Homeland Security
        Mail Stop 3650
        Washington, D.C. 20528

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

Serve:  U.S. Citizenship & Immigration
        Services
        425 I. Street, N.W., Room 6100
        Washington, D.C. 20536

KIRSTJEN NIELSEN, Secretary of the
Department of Homeland Security,

Serve:  Office of the General Counsel
        Department of Homeland Security
        Mail Stop 3650
        Washington, D.C. 20528

JEFFERSON B. SESSIONS, Attorney
General of the United States,

Serve: Jefferson B. Sessions
        Attorney General
        Department of Justice
        950 Pennsylvania Ave., NW
        Washington, D.C. 20530

Case No. 1:18-CV-02066

L. FRANCIS CISSNA, Director of the
United States Citizenship and Immigration
Services,
Serve:  U.S. Citizenship & Immigration
        Services
        425 I. Street, N.W., Room 6100
        Washington, D.C. 20536

JAMES WYROUGH, Director of the Santa
Clara Field Office of the United States
Citizenship and Immigration Services,

Serve:  U.S. Citizenship & Immigration
        Services
        1450 Coleman Ave.
        Santa Clara, CA 95050

and

CHRISTOPHER WRAY, Director of the
Federal Bureau of Investigation,

Serve: Christopher Wray
        FBI Headquarters
        935 Pennsylvania Ave., NW
        Washington, DC 20535-0001

Defendants.

## **COMPLAINT**

Plaintiff Stanislav Sedov asserts his cause of action against Defendants U.S.

Department of Homeland Security (DHS), U.S. Citizenship & Immigration Services

(USCIS), Kirstjen Nielsen, Jefferson B. Sessions, L. Francis Cissna, James Wyrough

and Christopher Wray in their official capacities as follows:

## JURISDICTION AND VENUE

1.      This is a civil action brought to compel Defendants, and those acting under them, to adjudicate Plaintiff's long pending Application for Naturalization (Form N-400).

2.      As the Defendants have failed to undertake their mandatory duty to render a decision on this Application after a delay of twenty-one months, Plaintiff seeks a writ of mandamus from this Honorable Court compelling Defendants to adjudicate Plaintiff's Application. 28 U.S.C. § 1361 (West 2010).

3.      Further, Plaintiff seeks to compel Defendants to adjudicate the Application, pursuant to the Administrative Procedures Act ("APA") because Defendants have "unlawfully withheld or unreasonably delayed" the adjudication of this Application. 5 U.S.C. § 706(1) (West 2010).

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 5 U.S.C. § 701 *et seq.* (Administrative Procedure Act), and 28 U.S.C. § 2201 (Declaratory Judgment Act). This Court may grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 1361, 2202 and 5 U.S.C. § 702.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) the Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) Defendants DHS, USCIS, Nielsen, Sessions and Cissna maintain offices within this judicial district.

**PARTIES**

6.     Plaintiff Stanislav Sedov was born in Russia in November of 1985.

7.     Plaintiff obtained lawful permanent resident status in the U.S. on March 22, 2012.

8.     Plaintiff applied for citizenship in late December of 2016.

9.     USCIS successfully obtained Plaintiff's biometric information on February 1, 2017.

10.    Since that time, Defendants have refused to take action on Plaintiff's N-400 application for naturalization.

11.    Plaintiff has made repeated requests with USCIS to schedule him for a naturalization interview but USCIS has refused to do so.

12.    Plaintiff has made InfoPass appointments at the Santa Clara field office of USCIS but to no avail.  USCIS has provided no information to Plaintiff as to if or when his case will be adjudicated.

13.    Plaintiff made a request for assistance from the USCIS Ombudsman as well.  The USCIS Ombudsman was unable to assist Plaintiff in his attempts to find out information regarding his case.

14.    Plaintiff has also tried to obtain the assistance of members of Congress. Unfortunately, these efforts have also proven fruitless.

15.    Defendant United States Department of Homeland Security (hereinafter sometimes referred to as "the DHS") is the agency of the United States that is

responsible for implementing the legal provisions governing applications for renewal of temporary protected status and conducting background and security checks.

16.     Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "USCIS") is the component of the DHS that is responsible for processing petitions applications for TPS and for work authorization by immigrants such as Plaintiff.

17.     Defendant Kirstjen Nielsen, the Secretary of the DHS, is the highest ranking official within the DHS.  Nielsen, by and through her agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA").  Nielsen is sued in her official capacity as an agent of the government of the United States.

18.     Defendant L. Francis Cissna, Director of the USCIS, is the highest ranking official within the USCIS.  Cissna is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Cissna is sued in his official capacity as an agent of the government of the United States.

19.     Defendant James Wyrough, Director of the Santa Clara Field Office of the USCIS, is the highest ranking official within the Santa Clara Field Office.  The Santa Clara Field District Office has jurisdiction over applications for naturalization for immigrants in portions of the State of California, including San Jose, California, where Plaintiff resides.   Wyrough is responsible for the implantation of the INA and for

ensuring compliance with all applicable federal laws, including the APA. Wyrough is sued in his official capacity as an agent of the government of the United States.

20.     Defendant Christopher Wray is the Director of the Federal Bureau of Investigation and he is sued only in his official capacity, as well as his successors and assigns. The FBI is headquartered at 935 Pennsylvania Avenue, NW, Washington, DC 20535.

21.     Defendants, who are officers of CIS and the Federal Bureau of Investigation ("FBI"), the Secretary of the Department of Homeland Security, and the Attorney General of the United States, are responsible for the naturalization process.

22.     In November 2002, Defendants drastically altered the naturalization procedure by requiring a vastly expanded FBI name check to be conducted on every application even though it is not required by either statute or regulation. Implementation of this unwarranted and cumbersome new name check procedure has resulted in months-long and even years-long delays in naturalization adjudication for Plaintiff.

23.     CIS's own Ombudsman has stated that the FBI name check used in naturalization applications is of questionable value in detecting persons who may pose a threat to security. Nevertheless, CIS uses the FBI name check without imposing deadlines for completion. In requiring and conducting name checks, both CIS and the FBI have acted with complete disregard for Congress' plain directive that CIS should complete the processing of naturalization applications within six months from the date of submission. Through their use of FBI name checks, CIS and the FBI have unreasonably

delayed the processing of the naturalization application of Plaintiff, and CIS has unlawfully withheld final adjudication of this application.

24.     Defendants' unlawful conduct has deprived Plaintiff of the privileges of United States citizenship. Plaintiff cannot vote, serve on juries, expeditiously sponsor his immediate relatives living abroad for permanent residence, receive business and education loans and benefits reserved for citizens, participate in the Visa Waiver Program, or travel abroad and return to the U.S. without fear of exclusion from this country.

25.     Plaintiff respectfully requests that the Court require the Defendants to adjudicate his application for naturalization within the time periods prescribed by law, and declare that the Defendants' actions violate the naturalization statute and regulations, laws governing administrative agency action and the Due Process Clause of the Fifth Amendment.

## NATURALIZATION PROCESS

26.     Federal immigration law allows persons who have been residing in the United States as lawful permanent residents to become United States citizens through a process known as naturalization.

27.     A person seeking to naturalize must meet certain requirements under the INA, 8 U.S.C. § 1101 et seq., including a sufficient period of physical presence in the United States; good moral character; and an understanding of the English language and the history and government of the United States. 8 U.S.C. §§ 1423, 1427(a).

28.    A  person  seeking  to  naturalize  must  submit  an  application  for naturalization to USCIS, along with a fee. 8 U.S.C. § 1445; 8 C.F.R. § 334.2.

29.    USCIS is the agency that is responsible for adjudicating naturalization applications.  8  C.F.R.  §  100.2.    USCIS  has  a  policy  of  processing  naturalization applications in chronological order, based upon date of receipt of the application and fee. In accordance with this policy, when USCIS receives a naturalization application and fee, USCIS grants the applicant a "priority date" that is based on the date of receipt. INS  Operation  Instruction  103.2(q),  available  at  Operations  Instructions  of  the Immigration  and  Naturalization  Service  (Matthew  Bender,  2007)  (Lexis  Immigration Library, Operations Instructions of the INS File).

30.    Once  USCIS  receives  a  naturalization  application,  it  conducts  a background investigation of the naturalization applicant. 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1.

31.    In  1997,  Congress  enacted  a  law  requiring  the  INS  (the  predecessor agency to USCIS) to receive confirmation from the FBI that a "full criminal background check"  has  been  completed  on  each  naturalization  applicant  prior  to  the  completion  of adjudication of that application. Public Law 105-119, Title I, III Stat. 2448-49 (Nov. 26, 1997).

32.    In March 1998, to implement the FBI criminal background check law, the INS (USCIS's predecessor agency) promulgated a proposed rule for notice and public comment. See Requiring Completion of Criminal Background Checks Before Final Adjudication  of  Naturalization  Applications,  63  Fed.  Reg.  12979  (Mar.  17,  1998).

Thereafter, after receiving public comment, INS promulgated a final regulation found at 8 C.F.R. § 335.2(b) to implement the 1997 law.

33.     Under 8 C.F.R. § 335.2(b), the FBI performs a criminal background check on each naturalization applicant. This criminal background check involves a fingerprint check and database check that confirm whether or not the applicant has an administrative or criminal record. 8 C.F.R. § 335.2(b). Both of these criminal background checks are usually completed within days, if not hours.

34.     After USCIS completes the background investigation and the FBI completes the criminal background checks, USCIS schedules a naturalization examination, at which an applicant meets with a USCIS examiner who is authorized to ask questions and take testimony. 8 C.F.R. § 335.2(a). The examination typically includes questions testing the applicant's English literacy and basic knowledge of the history and government of the United States. 8 C.F.R. § 335.2(c).

35.     The USCIS examiner must determine whether to grant or deny the naturalization application. 8 U.S.C. § 1446(d). Naturalization is not discretionary. USCIS must grant a naturalization application if the applicant has complied with all requirements for naturalization. 8 C.F.R. § 335.3. USCIS must make a final determination on every naturalization application, either at the time of the examination or, at the latest, within 120 days after the date of the examination. 8 C.F.R. § 335.3.

36.     8 U.S.C. § 1571(b) states, "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial date of filing of the application [.]" Naturalization applications are

among the "immigration benefit applications" included within this provision. This provision, along with 8 U.S.C. § 1571(a), § 1572, and § 1573, make clear Congress' intent to eliminate persistent backlogs in the processing of immigration benefit applications. Moreover, Congress has defined the term "backlog" in the statute as "the period of time in excess of 180 days that such application has been pending before the Immigration and Naturalization Service."  8 U.S.C. § 1572(1).

37.     8 U.S.C. § 1571(b) provides the statutory guideline and "rule of reason" for determining whether naturalization applications are being processed in a timely manner. Under the most straightforward reading of 8 U.S.C. § 1571(b), all naturalization applications that are not finally adjudicated within 180 days of the date of submission are unreasonably delayed.

**PLAINTIFF'S NATURALIZATION CASE
UNREASONABLY DELAYED**

38.     In late December of 2016, Plaintiff filed his N-400 application for naturalization with the Defendants and paid the applicable filing fee.  USCIS sent receipt notices on the case to Plaintiff after assigning the case number NBC*007322837.

39.     As part of the application process, USCIS took Plaintiff's fingerprints shortly thereafter in February of 2017 so as to conduct the background check.

40.     Since that time, Plaintiff has heard nothing from USCIS and his case has not been scheduled for an interview.

41.     Plaintiff has made numerous attempts to contact USCIS to find out the status of his Application, but to no avail.

42.     As of the date of this Complaint, Plaintiff has not received information as to if or when the N-400 application would be adjudicated.

43.     Plaintiff seeks to pledge his allegiance to the United States and to participate fully in our society as a United States citizen. Having qualified to do so after years of working in the United States, paying his taxes every year and contributing to the community, Plaintiff seeks only what the law provides, which is a final decision on his naturalization application within the reasonable timelines required by law.

44.     Plaintiff is unable to resolve this matter through administrative channels or otherwise, and mandamus and APA relief are the only viable means of obtaining the adjudication of Plaintiff's pending matters.

45.     Defendants' delay in adjudicating Plaintiff's N-400 Application is unreasonable in relation to their stated processing times for like applications.

46.     The APA provides a remedy to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(l) (West 2010).

47.     Mandamus is a remedy available for extreme agency delay where the agency has not performed a mandatory action. 28 U.S.C. § 1361 (West 2010).

48.     Defendants have unreasonably delayed and failed to perform a mandatory action in adjudicating Plaintiff's application.

49.     Defendants owe Plaintiff the duty to act upon his application for naturalization and have unreasonably failed to perform these duties.

## COUNT I

## ADMINISTRATIVE PROCEDURE ACT VIOLATIONS

50.     Plaintiff realleges and reasserts the foregoing paragraphs as if set forth fully herein.

51.     The Administrative Procedure Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555. A district court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The court also may hold unlawful and set aside agency action that, inter alia, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. § 706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. §551(13).

52.     The actions and omissions of Defendants Nielsen, Cissna and Wyrough in failing to adjudicate Plaintiff's application for naturalization within 180 days of the date of submission because of pending FBI name checks, in violation of 8 U.S.C. § 1446(d), 8 U.S.C. § 1447(b) 8 U.S.C. § 1571(b), and 8 C.F.R. § 335, violates the Administrative Procedure Act, 5 U.S.C. § 2 555(b); 5 U.S.C. §§ 706(1), 706(2)(A), 706(2)(C), 706(2)(D).

53.     Defendants have a duty under 8 U.S.C. § 1446(d), 8 U.S.C. § 1447(b), 8 U.S.C. § 1571(b), and 8 C.F.R. § 335 to finally adjudicate Plaintiff's naturalization application within the deadlines imposed by statute and regulations.

54.     Defendants' unlawful conduct in failing to do so has resulted in, inter alia, unreasonable delays in and unlawful withholding of the adjudication of Plaintiff's naturalization application. As a result of Defendant's actions in utter indifference to statutory deadlines, Plaintiff has suffered and continues to suffer injury. Declaratory and injunctive relief is therefore warranted.

## COUNT II
## ADMINISTRATIVE PROCEDURE ACT VIOLATIONS

55.     Plaintiff realleges and reasserts the foregoing paragraphs as if set forth fully herein.

56.     The Administrative Procedure Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555. A district court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The court also may hold unlawful and set aside agency action that, inter alia, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. § 706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. §551(13).

57.    The failure of Defendants Sessions and Wray to timely complete FBI name checks, or to set or adhere to any timelines for completion of FBI name checks, with the full knowledge that CIS requires the completion of such name checks for adjudication of Plaintiff's application for naturalization and with the full knowledge of the statutory deadlines and requirements for adjudication of naturalization applications pursuant to 8 U.S.C. § 1446, 8 U.S.C. § 1447(b), 8 U.S.C. § 1571(b), and 8 C.F.R. § 335, violates the Administrative Procedure Act, 5 U.S.C. § 555(b); 5 U.S.C. §§ 706(1), 706(2)(A), 706(2)(C), 706(2)(D).

58.    Defendants Sessions and Wray have a duty pursuant to the Administrative Procedure Act, agreements with CIS, and Executive Order 10450, to timely complete CIS-initiated name checks for naturalization applications, given Defendants' full knowledge that FBI name checks are required to finally adjudicate Plaintiff's naturalization application within the deadlines imposed by statute and regulations. Defendants' unlawful conduct in failing to do so has resulted, inter alia, in unreasonable delays in and unlawful withholding of the adjudication of Plaintiff's naturalization applications. As a result of Defendants' actions in utter indifference to statutory deadlines, Plaintiff has suffered and continues to suffer injury. Declaratory and injunctive relief is therefore warranted.

## COUNT III
## VIOLATION OF DUE PROCESS CLAUSE

59.    Plaintiff realleges and reasserts the foregoing paragraphs as if set forth fully herein.  The Due Process Clause of the Fifth Amendment prohibits the government

from depriving any person of life, liberty or property without due process of law. U.S. CONST., AMEND. V.

60.    Defendants Nielsen, Cissna and Wyrough have a pattern, practice, or policy of failing to adjudicate the applications for naturalization within 180 days of the date of submission of such applications and within 120 days of the date of naturalization examinations because of pending FBI name checks, in violation of 8 U.S.C. § 1446(d), 8 U.S.C. § 1447(b), 8 U.S.C. § 1571, and 8 C.F.R. § 335.

61.    Defendants Sessions and Wray have a pattern, practice, or policy of failing to timely complete FBI name checks, with the full knowledge that CIS requires the completion of such "name checks" for adjudication of applications for naturalization of the proposed plaintiff class within the statutory deadlines.

62.    Defendants have a pattern, practice, or policy of failing to set deadlines for completing "name checks" and to take all the other reasonable steps necessary to complete the adjudication of applications for naturalization of lawful permanent residents like Plaintiff within 180 days of the date of submission of such applications and within 120 days of the date of naturalization examinations because of pending FBI name checks, in violation of 8 U.S.C. § 1446(d), 8 U.S.C. § 1447(b), 8 U.S.C. § 1571, and 8 C.F.R. § 335. The above-described actions and omissions by Defendants violate Plaintiff's rights to due process of law. As a result of Defendants' actions, Plaintiff has suffered and continue to suffer injury. Declaratory and injunctive relief is therefore warranted.

## COUNT IV
## NOTICE AND COMMENT VIOLATION

63.     Plaintiff realleges and reasserts the foregoing paragraphs as if set forth fully herein.

64.     Defendants Nielsen, Cissna and Wyrough's actions (or their predecessors) in November 26, 2002, to expand the FBI name check for naturalization applications constitute a rule within the meaning of 5 U.S.C. § 551(4).

65.     The Administrative Procedures Act, 5 U.S.C. § 553, requires administrative agencies to provide a notice-and-comment period prior to implementing a substantive rule, including a rule that is a departure from prior policy and practice and that has a substantial adverse effect upon a large number of those affected.

66.     Defendants Nielsen, Cissna and Wyrough's actions and omissions in failing to provide a notice-and-comment period prior to the November 2002 expansion of the FBI name check requirement violated 5 U.S.C. § 553 in that the expansion constituted a substantive rule that departed from prior policy and practice and has had a substantial adverse effect upon a large number of those affected, namely naturalization applicants.

67.     As a result of Defendant's actions and omissions, Plaintiff was injured, and declaratory and injunctive relief is appropriate.

WHEREFORE, Plaintiff prays that the Court:

(a)     Compel Defendants and those acting under them to perform their duties owed to Plaintiff by adjudicating the Application;

(b)      Enjoin Defendants and order them to: (i) take all necessary steps to complete the FBI name checks of Plaintiff within 30 days and finally adjudicate Plaintiff's N-400 application within 30 days;

(c)      Order Defendants Nielsen, Cissna and Wyrough to revoke and suspend the November 2002 expansion of the FBI name check with respect to naturalization applications, until such time as Defendants have completed promulgating a rule following the process for notice and comment by the public;

(d)      Issue a declaratory judgment holding unlawful: (i) the actions and omissions of Defendants Nielsen, Cissna and Wyrough in failing to adjudicate applications for naturalization within 180 days of the date of submission, because of pending FBI name checks; (ii) the actions and omissions of Defendants Sessions and Wray in failing to timely complete FBI name checks to allow CIS to adjudicate Plaintiff's application for naturalization within 180 days of the date of submission; (iii) the actions and omissions of Defendants Nielsen, Cissna and Wyrough in failing to adjudicate applications for naturalization within 120 days of the date of the naturalization examination, because of the pending FBI name checks; and (d) the actions and omissions of all Defendants in failing to set deadlines and to take all necessary steps to adjudicate applications for naturalization within 180 days of the date of submission and within 120 days of the date of the naturalization examinations.

(e)      Grant attorney's fees, costs of court and all further relief available to Plaintiff under the Equal Access to Justice Act, 5 U.S.C. § 504 (West 2010); and

(f)     Grant such other and further relief as this Court deems proper under the circumstances.

RESPECTFULLY SUBMITTED

this 1st day of September, 2018

*/s/ James O. Hacking, III*
James O. Hacking, II
Hacking Law Practice, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackinglawpractice.com

ATTORNEYS FOR PLAINTIFF